**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

CHRISTOPHER MCCRAY,                  :
                                     :
              Plaintiff,             :          Civ. No. 12-2356 (RBK) (JS)
                                     :
       v.                            :          **OPINION**
                                     :
CHRISTOPHER HOLMES,                  :
                                     :
              Defendant.             :
_____  :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

       Plaintiff is a state prisoner currently incarcerated at the South Woods State Prison in

Bridgeton, New Jersey.  Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. §

1983.  On October 23, 2012, the Court dismissed some of plaintiff's claims with prejudice and

some without prejudice and the matter was administratively closed.  Plaintiff was given leave to

file an amended complaint to correct the deficiencies of his original complaint.  Subsequently,

plaintiff filed an amended complaint.  In light of plaintiff's amended complaint, the Clerk will be

ordered to reopen this case.

       At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious,

for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from suit.  For the reasons set forth below, the amended

complaint will proceed in part.

## II.    BACKGROUND

Plaintiff filed his original complaint in April, 2012.  In that complaint, plaintiff alleged he was denied the right to a kosher diet.  He claimed in part that he was denied the right to a kosher diet because he is African-American.  Additionally, plaintiff alleged that a prison official told him that his continuous insistence on having a kosher diet could result in a disciplinary charge.  Finally, plaintiff alleged that his constitutional rights were violated because he did not receive a response to his administrative grievance requesting kosher meals.

On October 23, 2012, the Court dismissed with prejudice plaintiff's claim of failing to respond to his administrative grievance and his claim that a prison officer stated to him that plaintiff's insistence of having kosher meals could result in a disciplinary charge.  Plaintiff's claims of undue denial of kosher meals and racial discrimination by means of the denial of kosher meals were dismissed without prejudice.

Petitioner subsequently filed an amended complaint.  For purposes of screening the amended complaint, the factual allegations of the amended complaint are accepted as true.  Plaintiff claims that he was arbitrarily denied kosher meals and threatened with disciplinary detention if he continued to complain about it.  He states that he is a conservative practicing Jew and attends weekly Jewish prayers and celebrates the Jewish High Holidays.  Furthermore, plaintiff asserts that on October 3, 2007, a Rabbi approved him for kosher meals due his conversion to Judaism.

Plaintiff was transferred to South Woods State Prison on September 7, 2011 and plaintiff initially received kosher meals.  Subsequently, on February 11, 2012 and again on February 12, 2012, plaintiff did not receive a kosher dinner.  Plaintiff complained to prison officers on both of these dates due to this failure.  Additionally, with respect to plaintiff's complaint on February 12,

2012, the prison officer (Scherzinger) told plaintiff that if he continued to complain he would be served with a disciplinary charge and sent to detention.

Plaintiff states that from February 13, 2012 to February 17, 2012, he was not served kosher meals and has not been served any kosher meals since. He claims that, "[w]hereas other Jewish inmates are provided with Kosher meals satisfying their dietary religious needs [plaintiff] is being discriminated against." (Dkt. No. 4 at p. 6.) Plaintiff states that he has appealed administrative grievances to defendant Christopher Holmes, who is the prison administrator, but that he has failed to restore kosher meals to plaintiff.

As to his causes of action, plaintiff argues that, "[t]he denial of kosher meals is and threat of disciplinary action for complaining about denial of Kosher meals is unconstitutional." (*Id.*) Plaintiff seeks injunctive relief so that his kosher meals can be provided and punitive damages in an amount the Court deems acceptable. (*See id.* at p. 7.)

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

A. <u>Free Exercise of Religion</u>

Plaintiff first claims that his constitutional rights were violated because of the denial of his kosher meals while incarcerated. The First Amendment states that, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. CONST. amend. I. The Supreme Court has explained that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (citations omitted). "'Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion.'" *DeHart v. Horn*, 227 F.3d 47, 50 (3d Cir. 2000) (en banc) (quoting *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987)). Nevertheless, "[t]he mere assertion of a religious belief does not automatically trigger First Amendment protections, however. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection." *Id.* at 51. Accordingly, "if a prisoner's request for a particular diet is *not* the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request." *Id.*

In the amended complaint, plaintiff alleges that he is a conservative practicing Jew. Furthermore, he alleges that a Rabbi approved him for kosher diet meals. Based on these allegations, plaintiff states a constitutionally protected interest at stake with respect to his free exercise of religion claim. *See Norwood v. Strada*, 249 F. App'x 269, 271 (3d Cir. 2007) (per curiam) ("Requiring a prisoner to eat food forbidden by his religion's dietary regimen may 'substantially burden' one's religious practice and the cases generally indicate that prison administrators must provide an adequate diet without violating an inmate's religious dietary restrictions in order not to unconstitutionally burden free exercise rights.") (citations omitted).

However, the mere fact that plaintiff has alleged that there is a constitutionally protected interest at stake does not end this Court's inquiry regarding whether plaintiff has stated a claim. Indeed, plaintiff must allege some type of personal involvement on the sole named defendant, Christopher Holmes, with respect to the deprivation of his constitutional rights.

Plaintiff cannot rely solely on a *respondeat superior* theory of liability against defendant Holmes due to his title as administrator of the prison. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). He must allege that the supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.*

Plaintiff alleges that he appealed his grievances complaining about the lack of his kosher meals to defendant Holmes, but that defendant Holmes failed to restore his kosher meals. Typically, a plaintiff appealing his grievances to the prison administrator is not enough to impose knowledge against the prison administrator of the wrongdoing. *See Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) ("[N]either the filing of a grievance nor

an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode*, 845 F.2d at 1208; *Pressley v. Blaine*, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) (citing *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983))); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*. The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted).

However, in this case, plaintiff alleges an ongoing constitutional violation. Indeed, he alleges that he has not received kosher meals since February, 2012. Furthermore, he alleges that defendant Holmes was made aware of this ongoing violation through plaintiff's prison grievances and appeals. Numerous courts have stated that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an ongoing violation as he "'is personally involved in that violation because he is confronted with a situation he can remedy directly.'" *Carter v. Smith*, No. 08-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 23, 2009) (quoting *Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008)); *see also Zappulla v. Fischer*, No. 11-6733, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5, 2013) ("[T]he Complaint further alleges that Defendant Lee, after being informed of that ongoing violation through the grievance process, failed to remedy that wrong. Those allegations . . . are adequate to state a claim against Lee.") (citations omitted); *Whitehead v. Rozum*, No. 11-102, 2012 WL 4378193, at *2 (W.D. Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations

omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D. Pa. Sept. 24, 2012);

*Williams v. Johnson*, No. 10-1290, 2011 WL 1396967, at *5 (E.D. Va. Apr. 11, 2011) ("In

support of his argument, Williams states that Johnson was made aware of these violations

through appeals to denials of grievances that Williams filed.  To the extent that the [allegations]

relate to ongoing constitutional violations that defendant Johnson was made aware of, Williams

has plausibly stated a claim for which Johnson made be liable."); *Binsack v. Lackawanna Cnty.*

*Prison*, No. 10-535, 2010 WL 4973309, at *3 (M.D. Pa. Oct. 14, 2010) ("A prisoner's grievance

or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such

abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional

violation and acquiescence in the events forming the basis of a prisoner's claims.") (citing

*Atkinson v. Taylor*, 316 F.3d 257, 270-71 (3d Cir. 2003)), *report and recommendation adopted*

*by* 2010 WL 4956329 (M.D. Pa. Dec. 1, 2010).  In this case, as plaintiff has alleged an ongoing

violation that defendant Holmes was made aware of through his grievance appeals, he has stated

a free exercise claim against Holmes.

B. Equal Protection

Plaintiff states in the amended complaint that he has been discriminated against because

other Jewish inmates received kosher meals and he has not.  "The Equal Protection Clause of the

Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction

the equal protection of the laws,' which is essentially a direction that all persons similarly

situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439

(1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Thus, to state a claim under the Equal

Protection Clause, a plaintiff must allege that:  (1) he is a member of a protected class; and (2) he

was treated differently from similarly situated inmates.  *See City of Cleburne*, 473 U.S. at 439;

*Jean-Pierre v. Bureau of Prisons*, 497 F. App'x 164, 169 (3d Cir. 2012) (per curiam).   Where the plaintiff does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Specifically, he must state facts showing that:  (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff does not allege that he was discriminated against based on his membership in a protected class in the amended complaint.  Therefore, his equal protection claim can only proceed if plaintiff has sufficiently alleged facts under the "class-of-one" theory as stated in *Hill*.  The amended complaint fails to alleged facts sufficient to state a "class-of-one" equal protection claim.  Plaintiff does not state that defendant Holmes, upon reviewing plaintiff's grievance appeals which plaintiff bases Holmes' knowledge of the purported constitutional violation, treated plaintiff differently than other similarly situated individuals who had filed appeals.  Furthermore, plaintiff does not allege that defendant Holmes intentionally treated him differently.  Accordingly, plaintiff fails to state an equal protection claim against Holmes and the claim will be dismissed without prejudice.

C.  Verbal Disciplinary Threats

In the amended complaint, plaintiff also alleges that he was threatened with disciplinary charges if he continued to complain about his failure to receive kosher meals.  In the October 23, 2012 Order, the Court dismissed this claim with prejudice.   Therefore, the Court will not revisit the issue in this Opinion as it was already dismissed with prejudice.

## V.  CONCLUSION

The amended complaint will proceed against defendant Holmes on plaintiff's free exercise claim.  An appropriate order will be entered.


DATED:  November 15, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
